IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

JESSICA MARQUEZ,

        Plaintiff,

v.

HARPER SCHOOL DISTRICT NO. 66,
a public entity, also known as MALHUER
COUNTY SCHOOL DISTRICT NO. 66;
and DENNIS SAVAGE, Harper School
District No. 66 Superintendent;
LYNN HAUETER, member of Harper
School District No. 66 Board of Directors;
SHELLY DENNIS, Chair, Harper School
District No. 66 Board of Directors; LISA
FISHER, member of Harper School
District No. 66 Board of Directors;
RON TALBOT, Principal, Harper School
District No. 66; BARBARA OLSON,
member of Harper School District No. 66
Board of Directors, each and all in their
individual and official capacities,

        Defendants.

CV-09-1254-SU

OPINION AND ORDER

SULLIVAN, Magistrate Judge:

This matter comes before the court on defendants' Motion for Stay Action on Offer of Judgment. For the reasons set forth below, the motion is DENIED.

## BACKGROUND

Plaintiff Jessica Marquez ("Marquez") filed claims for sex-based discrimination and retaliation in violation of Title VII, 42 U.S.C. § 2000e-17, and O.R.S. 659A.030, against Harper School District No. 66, also known as Malhuer County School District No. 66 ("school district") and certain administrators and school board members (collectively "defendants"). Marquez also filed common law claims for wrongful termination, intentional infliction of emotional distress, and negligence. The court issued Findings and Recommendations (docket #51) regarding defendants' motion for summary judgment (docket #27) and Marquez's partial motion for summary judgment (docket #30) which were adopted by District Court Judge Anna Brown (docket #55). Plaintiff's partial motion was denied and defendants' motion was granted, in part, and denied, in part. Id.

The case was set for a settlement conference with District Court Judge Michael Simon (docket #56). The case did not settle. The parties then gave full consent to the jurisdiction of the magistrate judge (docket #59).

On October 7, 2011, defendants sent, through their attorney, an Offer of Judgment which stated "Pursuant to FRCP 68, defendant offers judgment in the amount of $100,000 plus properly recoverable costs and reasonable attorney fees accrued through the date of this offer." Notice of Acceptance of Offer of Judgment, Ex. A. (docket #60). On October 18, 2011, plaintiff accepted defendants' Offer of Judgment as stated in the offer and notified the court of her acceptance. Id. Plaintiff presented the court with a proposed judgment reflecting the offer and served the

Page 2 - OPINION AND ORDER

proposed judgment on defendants. After receiving the proposed form of judgment, defendants' attorney discovered that he had submitted the Offer of Judgment with an error and that he should not have included attorney fees and costs in the offer. Defendants filed a motion to stay the entry of judgment in order to relieve the parties from the offer of judgement "made without their authority and which contain[ed] material mistakes." Reply Re Mot. To Stay Entry of Judg. at 2.

Plaintiff opposed the motion to stay on the grounds that offers of judgment made and accepted under Rule 68 cannot be rescinded and that judgment must be entered.

## LEGAL STANDARD

Fed. R. Civ. P. 68 (Rule 68) provides:

(a) **Making an Offer; Judgment on an Accepted Offer.** At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

## DISCUSSION

The limited question presented here is whether the court should stay entry of judgment and allow defendants to rescind the offer made to plaintiff pursuant to Rule 68. The answer is no. After plaintiff accepted the offer in writing and served notice of acceptance, entry of judgment must necessarily follow. Here, defendants argue that they are entitled to a stay of entry of the judgment because of a mistake made in the offer. The mistake was not noticed until after the offer had been accepted and a proposed judgment had been presented to the court. While defendants' attorney alerted plaintiff's attorney of the error, the offer had already been

accepted and notice had been filed. There was nothing inherently obvious in the offer that would have alerted plaintiff of any mistake in the offer.

Rule 68 offers and acceptances are favored by the courts for the purpose of encouraging termination of litigations. *United States v. Trident Seafood Corp.*, 92 F.3d 855, 860 (9th Cir. 1996). In the Ninth Circuit, offers made pursuant to Rule 68, when accepted, must be entered by the clerk of court. *Nusom v. COMH Woodburn, Inc.*, 122 F.3d 830, 834 (9th Cir. 1997). Cases cited by defendants from other circuits are not persuasive on this issue.

The appropriate remedy for a party seeking relief from a judgment entered, including a judgment entered pursuant to Rule 68, is to file a motion under Fed. R. Civ. P. 60. *Latshaw v. Trainer Worthham & Company, Inc.*, 452 F.3d 1097 (9th Cir. 2006).

## CONCLUSION

Defendants' Motion for Stay (docket #61) is DENIED.

IT IS ORDERED

This 10 day of November, 2011.

                                                  /s/ Patricia Sullivan
                                                  Patricia Sullivan
                                                  U.S. Magistrate Judge