**Craig A. Crispin, OSB No. 82485**
crispin@employmentlaw-nw.com
**Shelley D. Russell, OSB No.**
shelley@employmentlaw-nw.com
**CRISPIN EMPLOYMENT LAWYERS**
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
Telephone: 503-293-5770
Telefax: 503-293-5766
    Of Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON
## Pendleton Division

| | |
|---|---|
| **JESSICA MARQUEZ,** | Civil No. CV 09-1254-SU |
| Plaintiff, | |
| v. | |
| **HARPER SCHOOL DISTRICT NO. 66,** et al, | **PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEYS FEES** |
| Defendants. | |

## I. INTRODUCTION

Plaintiff accepted an Offer of Judgment on her claims of discrimination in the amount of $100,000, plus, pursuant to the express terms of the Offer of Judgment, "properly recoverable costs and reasonable attorneys fees." In accordance with the express terms of the offer, plaintiff has moved for an award of attorneys fees and costs pursuant to 42 U.S.C. § 1988, ORS 659A.885(3), and ORS 20.107. This Memorandum is in support of the motion for an award of

such fees.

## II. ESTABLISHING THE PROPER AWARD OF ATTORNEYS' FEES

### A.     An Award of Attorneys Fees is Appropriate

The Ninth Circuit has adopted a lodestar/multiplier approach for assessing the amount of reasonable attorneys' fees. *Gates v. Deukmejian,* 987 F.2d 1392, 1397 (9th Cir. 1993). The determination of a "reasonable" fee begins with calculating the number of hours reasonably spent on a case multiplied by a reasonable hourly rate to determine the "lodestar." *McGrath v. County of Nevada*, 67 F.3d 428, 252 (9th Cir. 1995) *(citing Hensley v. Eckerhard,* 461 U.S. 424, 435 (1983)). A prevailing party under federal fee-shifting statutes such as 42 U.S.C. § 1988 is entitled to a reasonable fee award, which a court determines by multiplying the number of hours reasonably expended by a reasonable hourly rate, taking into consideration the relevant factors in *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 70 (9th Cir. 1975). *Fischer v. SJB-P.D., Inc.,* 214 F.3d 1115, 1119 (9th Cir. 2000); *see City of Burlington v. Dague,* 505 U.S. 557, 559, 562 (1992) (analysis for determining reasonable fee applies to all similarly-worded federal fee-shifting statutes); *see also Morales v. City of San Rafael,* 96 F.3d 359,364 n.8 (9th Cir. 1997) (explaining the Kerr factors). This lodestar figure is presumed to represent a reasonable fee. *Dague*, 505 U.S. at 562.

### B.     Summary of Hours for Which Compensation is Requested

The number of hours and services rendered in this matter for each attorney, and the hourly rates for each, are set forth in detail in Exhibit 5 attached to the Declaration of Craig A. Crispin filed herewith. Exhibit 5 is summarized as follows:

| Name | Position | Hourly Rate | Hours | Fees |
|---|---|---|---|---|
| Crispin, C (CAC) | Attorney | $425.00 | 313.20 | 133,110.00 |
| Russell, S (SDR) | Attorney | $335.00 | 110.70 | 37,084.50 |
| Rissberger, P (PTR) | Attorney | $335.00 | 2.70 | 904.50 |
| Joiner, S (SS) | Attorney | $200.00 | 13.50 | 0.00 |
| Schwint, S (SAS) | Law Clerk | $125.00 | 11.10 | 1,387.50 |
| Burnett, J (JAB) | Paralegal | $125.00 | 89.30 | 11,162.50 |
| Beltran, V (VCB) | Legal Assistant | $95.00 | 6.60 | 627.00 |
| **TOTALS** | | | **547.10** | **$184,276.00** |

**C.    The Hours Required in the Prosecution of this Case Were Reasonable**

This fee motion seeks an award of attorneys fees for lawyers of CRISPIN EMPLOYMENT LAWYERS, which worked with and represented plaintiff on this matter from the end of July 2009 through the present and is entitled to an award of fees and costs for services throughout that period.

**Pre-Litigation Time.** Work commenced in this matter while plaintiff's claims remained in the administrative agencies, BOLI and EEOC. Fees for representation pre-filing is compensable. *Day v. James Marine,* 518 F.3d 411, 422 (9th Cir. 2008). Reasonable attorneys fees and costs include those incurred in pursuing the matter at all administrative levels. *New York Gaslight Club, Inc. v. Carey*, 447 U.S. 54 (1980).

**Support Staff Time.** Plaintiff's lawyers make extensive use of lower hourly rate firm personnel when appropriate to reduce costs. Plaintiff is entitled to recover for paralegal time

Page 3 –   **PLAINTIFF'S MEMORANDUM IN SUPPORT OF
MOTION FOR ATTORNEYS FEES**

CRISPIN EMPLOYMENT LAWYERS
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503.293.5770

invested in the case. *Missouri v. Jenkins,* 491 U.S. 274 (1989). In *Jenkins,* the court established unequivocally that successful plaintiffs could recover paralegal fees under 42 U.S.C. § 1988. *Jenkins,* 491 U.S. at 274, 109 S. Ct. at 2464. *See also Richlin Sec. Service Co. v. Cherloff,* 553 U.S. 571, 580 (2008) (declaring "it 'self-evident' that the term embrace the fees of paralegals as well as attorneys.")

**Fee Motion-Related Time.** Plaintiff is also entitled to her attorneys' fees for preparation of this motion (and supporting documents) for fees and costs. Time spent establishing entitlement to an amount of fees is compensable. *Clark v. City of Los Angeles,* 803 F.2d 987 (9th Cir. 1986) (referring to contrary argument as "frivolous"). Time for fee motions after acceptance of a Rule 68 Offer are also recoverable. *E.g., Holland v. Roeser,* 37 F.3d 501 (9th Cir. 1994). A supplemental statement of time and fees will be submitted.

### III.  The Requested Billing Rates Are Reasonable

In setting a reasonable billing rate, the court must consider the "prevailing market rates in the relevant community" and determine what a plaintiff's employment lawyer of comparable skill, experience, and reputation could command in the relevant community. *See Bankston v. State of Illinois,* 60 F.3d 1249, 1255 (7th Cir.1995).

The supporting declarations accompanying this motion and filed in support thereof demonstrate the requested rates are appropriate and should be awarded. That the services were, in significant part, performed in or related to an area outside the Portland area does not support a reduction in rates. In *Scruggs v. Josephine County,* 2009 WL 650626 (March 10, 2009), the court awarded attorney fees to the successful plaintiff under ORS 659A.030 and Title VII. In rejecting

the defendant's argument that local, lower rates should apply, the court found that:

> "Rates outside the forum may be used if local counsel was unavailable, either because they are unwilling or unable to perform because they lack the degree of experience, expertise, or specialization required to handle the case."

*Id.* at *3, *citing Camacho v. Bridgeport Fin., Inc.,* 523 F.3d 973, 979 (9th Cir. 2008).

Plaintiff's lead counsel, Craig A. Crispin, seeks an hourly rate of $425, his customary hourly rate charged to fee-based clients. This rate is reasonable for an Oregon lawyer specializing exclusively in employment litigation with 30 years of experience. *See Oregon State Bar Economic Survey, 2007 & 2008 supplemental data.*[1] The requested rate of $425 an hour has been awarded by both this District Court and the Oregon Court of Appeals.[2] As the court noted in *Settlegoode v. Portland Public School,* 2005 WL 1899376, No. 00-313-ST (D. Or. Aug. 9, 2005), an attorney specializing in an area of the law commands a higher hourly rate than attorneys practicing in general civil litigation. 2005 WL 1899376, at * 5.

As detailed herein, other lawyers who provided services on behalf of plaintiff seek rates of from $250 to $335 per hour, with law clerk and paralegal rates at $125 per hour and legal assistant time at $95 per hour. In *Malbco Holdings, LLC v. AMCO Ins. Co.,* 2010 WL2572849

---

[1] Reliance on the Bar survey is questionable.

The District of Oregon policy to set hourly rates using the Survey as a benchmark also does not apply to fee applications filed in this court. See 9th Cir. R. 39-1.6 & App. Form 9. Furthermore, the Survey does not include a category for hourly rates for attorneys who specialize in employment and discrimination law. Accordingly, the Survey does not provide reliable evidence of the prevailing market rate for El-Hakem's fee request.

*El-Hakem v. BJY Inc.,* No. 03-35514 (9th Cir. Oct. 2, 2007) (Order granting attorney fees).

[2] *See Hamlin v. Hampton Lumber Mills,* Case No. S056700 (Or. App. 2010); *Nesta v. Revolution Cable Holdings, Inc., at al,* No. 11-cv-00018-AC (D. Or. 2011) (Brown, DJ).

(D. Or. June 22, 2010), Magistrate Stewart approved billing times and rates for two paralegals, two legal assistants, and a librarian at rates ranging from $95 to $130 per hour. Similarly, in *Di Giovanni v. Alu, Inc.,* 2010 WL3361036 (D. Or. July 28, 2010), Magistrate Papak concluded that $150 an hour for a "legal assistant" was appropriate.[3]

**Congressional Policy Would be Thwarted by Reduction of Fees.** A fee award should reflect several factors: (1) the complexity and risk involved in civil rights litigation where defendants are generally substantial corporate or governmental entities; (2) the fact that a substantial amount of time elapses before payment of fees and recovery of expenses; and (3) the importance of the social interests at stake. If an award of fees does not reflect these economic realities, the capable plaintiff's attorney will either drop out of civil rights litigation, or work for defendants where hourly fees are substantial and paid monthly. Should this happen, the congressional intent behind the attorneys fees provisions contained in wage and hour legislation laws would be thwarted.[4]

This case was about enforcing an important public right. Attorney fee awards under civil rights statutes must ensure that civil rights lawyers receive reasonable compensation for their services. *Corder v. Gates,* 947 F.2d 374 (9th Cir. 1991). Furthermore, "Employment discrimination law is a complex speciality in which the law undergoes frequent changes and

---

[3] *See also Missouri* v. *Jenkins,* 491 U.S. 274, 284-89 (1989) ("Fees for non-attorneys, such as paralegals, whose labor contributes to the work product of an attorney may be awarded, provided that attorneys in the relevant market customarily bill clients separately for such work.")

[4] The principal congressional objective in providing for reasonable attorneys fees in civil rights litigation was to provide an incentive to competent attorneys to accept these difficult but socially important cases on behalf of plaintiffs on a contingent-fee basis. H.R. Rept. No. 94-1558, 94th cong. 2d Sess. 6 (1976); S. Rep. 94-1001, 94th Cong. 2d Sess. 4 (1976).

modifications." *Pavon v. Swift Transportation Co.,* No. 96-1401-RE (D. Or. Jan. 14, 1998) (Order awarding fees and multiplier), *aff'd* 192 F.3d 902 (9th Cir. 1999). Judge Redden has stated that in civil rights fee awards "the highest rate charged to private clients for complex federal cases in a particular legal market should presumptively apply." *Martino v. Carey,* 568 F. Supp. 848, 850 (D. Or. 1983).

The representation of this case was undertaken on a contingency basis. Current rates are sought to take into account the delay in payment resulting from a contingent fee arrangement. *See Missouri v. Jenkins*, 491 U.S. 274, 284 (1989) (an appropriate adjustment for delay in payment – whether by the application of current rather than historic hourly rates or otherwise – should be made). *Bell v. Clackamas County,* 341 F.3d 858, 868-69 (9th Cir. 2003). Failure to afford plaintiffs' counsel appropriate compensation for delay effectively devalues the market rates to which plaintiffs' counsel are entitled.

The requested rates are supported by the Declarations of Craig A. Crispin and others. Moreover, established in a competitive free economy, the hourly rate of $425 is presumptively reasonable. The prevailing market rate in the community is indicative of a reasonable hourly rate. *Blum v. Stenson,* 465 U.S. 886, 898-900 (1984). "The attorney's actual billing rate for comparable work is 'presumptively appropriate' to use as the market rate." *People Who Care v. Rockford Bd. of Educ.,* 90 F.3d 1307, 1310 (7th Cir. 1996) (citation omitted). Such a market rate has been established for Mr. Crispin's time due to the substantial billed work he performs in addition to contingent services.[5]

---

[5] Crispin averages 700-800 billable hours yearly billed to fee-paying clients.

The time for which fees are requested are fully and adequately documented. As Crispin's Declaration demonstrates, the time records for lawyers and assistants of the Crispin firm were created on a daily basis concurrently with the services performed. The services performed are described in detail by date performed, description of services, time required, and person performing the service. In addition, the records were reviewed on a monthly basis by plaintiff's counsel and reviewed again prior to submission of this motion for any excessive, redundant or other unnecessary time. Approximately $7,097.25 in time value was deleted through this process.

The documentation fully meets the requirements of specificity, completeness, and contemporary recording. *Hensley v. Eckerhard, supra*; *Dennis v. Chang,* 611 F.2d 1302 (9th Cir 1980). *See generally Davis v. City & County of San Francisco,* 976 F.2d 1536, 1542 (9th Cir 1992) (warning against imposing too high a standard of documentation on fee plaintiffs).

C.   **THE RESULT JUSTIFIES FULL COMPENSATION FOR ALL TIME REQUESTED**

In *City of Riverside v. Rivera,* 477 U.S. 561 (1986), the Supreme Court affirmed attorney fees of $245,456.25 on an award of $33,350. The Court explained that requiring the fee award to be proportional to the damages awarded in a civil rights case would undermine Congress' purpose for enacting 42 U.S.C. § 1988.[6]

---

[6]   A rule of proportionality would make it difficult, if not impossible, for individuals with meritorious civil rights claims but relatively small potential damages to obtain redress from the courts. Congress recognized that private-sector fee arrangements were inadequate to ensure sufficiently vigorous enforcement of civil rights. In order to ensure that lawyers would be willing to represent persons with legitimate civil rights grievances, Congress determined that it would be necessary to compensate lawyers for all time reasonably expended on a case. 477 U.S. at 580-81.

The result in this matter was not under any circumstances insignificant or *de minimis*. The Rule 68 offer accepted by plaintiff was in far in excess of defendant's final pre-filing offer. As such, no reduction of the fee award is justified. In *Morales v. City of San Rafael,* 96 F.3d 359, 362 (9th Cir. 1996), the Ninth Circuit held it an abuse of discretion for the district court to have limited a fee award because the result obtained was only $17,500, relying on *Farrar v. Hobby,* 506 U.S. 103 (1992). The court explained that, although *Farrar* stands for the principle that a court could consider the relationship between the extent of success and the amount of the fee award, such discretion is limited to truly insignificant or *de minimis* recovery.[7]

The court went on to note that the award of $17,500 in compensatory damages, "while substantially less than what he sought" (between $150,000 to $250,000), "was not nominal." *Id.* at 363. "Because the *Farrar* exception is inapplicable to cases in which the damages are not nominal, the district court erred in invoking it here." *Id.* Because the compensatory damages awarded to plaintiff Marquez here was a substantial award, a full measure of attorneys fees is justified.

That attorneys fees may exceed the substantive award does not support any reduction in

---

[7] The *Morales* Court explained:

> In *Farrar,* the Supreme Court created an exception to the general rule governing a district court's calculation of attorneys' fees. * * * * The *Farrar* exception, which would allow the court to dispense with the calculation of a lodestar and simply establish a low fee or no fee at all, ***is limited to cases in which the civil rights plaintiff "prevailed" but received only nominal damages and achieved only "technical" success.*** *Id.* "Nominal damages" is not limited to an award in the amount of $1, but includes an award that may properly be classified as "de minimis."

*Morales,* 96 F.3d at 362-63 (emphasis supplied).

the award. "There is a 'strong presumption' that the lodestar figure * * * represents a 'reasonable' attorney's fee." *D' Emanuele v. Montgomery Ward & Co.*, 904 F.2d 1379, 1384 (9th Cir. 1990) *overruled on other grounds by Burlington v. Dague,* 505 U.S. 557 (1992). The lodestar is not subject to adjustment at the whim of the factfinder. " Only in rare instances should the lodestar figure be adjusted on the basis of other considerations." *Cabrales v. County of Los Angeles,* 864 F.2d 1454, 1464 (9th Cir.1988), *judgment vacated on other grounds,* 490 U.S. 1087 (1989), *previous decision reinstated,* 886 F.2d 235 (9th Cir.1989), *cert. denied,* 494 U.S. 1091 (1990).

## IV. CONCLUSION

The statement for fees submitted by plaintiff in this case is well documented in both hours expended and appropriate hourly rate. The amounts requested, including plaintiff's supplemental statement of time and fees, should be awarded.

Plaintiff anticipates filing a separate motion for an award of attorneys fees incurred in defending against defendants' motion for stay, which this court denied, and for any post-judgment motions. *See generally Hatfield v. Hayes,* 877 F.2d 717, 719-20 (8th Cir. 1989) (awarding attorney's fees under § 1988 for work done in opposing Rule 60(b) motion), *citing Toussaint v. McCarthy,* 826 F.2d 901, 904 (9th Cir.1987).

CRISPIN EMPLOYMENT LAWYERS

By: S/ Craig A. Crispin
Craig A. Crispin OSB No. 82485
Of Attorneys for Plaintiff