IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION


JESSICA MARQUEZ,                                          2:09-CV-1254-SU

                        Plaintiff,                        OPINION AND ORDER

v.

HARPER SCHOOL DISTRICT NO. 66,
 a public entity, also known as MALHUER
COUNTY SCHOOL DISTRICT NO. 66;
and DENNIS SAVAGE, Harper School
District No. 66 Superintendent;
LYNN HAUETER, member of Harper
School District No. 66 Board of Directors;
SHELLY DENNIS, Chair, Harper School
District No. 66 Board of Directors; LISA
FISHER, member of Harper School
District No. 66 Board of Directors;
RON TALBOT, Principal, Harper School
District No. 66; BARBARA OLSON,
member of Harper School District No. 66
Board of Directors, each and all in their
 individual and official capacities,

                        Defendants.
_____

Craig A. Crispin
Shelley D. Russell
CRISPIN EMPLOYMENT LAWYERS
1834 SW 58th, Suite 200
Portland, OR 97221

      Attorneys for Plaintiff

Bruce M. White
Christie L. Moilanen
MITCHELL LANG & SMITH
101 SW Main Street
Portland, OR 97204

Kathryn M. Pratt
LAW OFFICE OF KATHRYN M. PRATT
18292 SW Santoro Drive
Beaverton, OR 97007

      Attorneys for Defendants

SULLIVAN, Magistrate Judge:

      Plaintiff Jessica Marquez ("plaintiff") filed claims for sex-based discrimination and retaliation in violation of § 1983, Title VII, 42 U.S.C. § 2000e-17, and O.R.S. 659A.030, against Harper School District No. 66, also known as Malhuer County School District No. 66 ("school district") and several administrators and school board members (collectively "defendants"). Plaintiff also filed common law claims for wrongful termination, intentional infliction of emotional distress, and negligence. The Court issued Findings and Recommendations (docket 51) regarding defendants' motion for summary judgment and plaintiff's partial motion for summary judgment, denying plaintiff's partial motion and granting in part and denying in part defendants' motion. District Court Judge Anna Brown adopted the Findings and Recommendations (docket 55). The parties engaged in settlement discussions with District

Page 2 - OPINION AND ORDER

Judge Michael Simon (docket 56), but the case did not settle.  The parties then gave full consent to the jurisdiction of a magistrate judge (docket 59).

On October 7, 2011, defendants sent, through their attorney Bruce White ("White"), an Offer of Judgment which stated, "Pursuant to FRCP 68, defendant offers judgment in the amount of $100,000 plus properly recoverable costs and reasonable attorney fees accrued through the date of this offer."  Notice of Acceptance of Offer of Judgment, Ex. A (docket 60).  On October 18, 2011, within the time required by Fed.R.Civ.P. 68 ("Rule 68"), plaintiff accepted the offer, notifying the Court of her acceptance and serving the proposed judgment on defendants.  *Id*. After receiving the proposed form of judgment, White discovered that he had submitted the offer with an error and he should not have offered payment of attorney fees and costs.  The next day, defendants filed a motion to stay the entry of judgment in order to relieve the parties from the offer "made without their authority or which contain[ed] material mistakes."  Reply Re Mot. To Stay Entry of Judg. (docket 64) at 2.  On November 10, 2011, the Court issued an Opinion and Order (docket 75), denying defendants' motion for stay, and entered judgment (docket 76) in favor of plaintiff and against defendants in the amount of $100,000 plus properly recoverable costs and reasonable attorney fees through October 7, 2011.  On November 16, 2011, the Court granted defendants' unopposed motion to stay execution of the judgment, pending disposition of defendants' Fed.R.Civ.P. 59 and 60 ("Rule 60") motions (docket 78).

Presently before the Court are defendants' Motion to Set Aside Judgment Pursuant to Rule 60(b) (docket 88) and plaintiff's Motion to Strike Confidential Mediation Information from defendants' motion to set aside (docket 104).  For the reasons discussed below, plaintiff's motion to strike is granted, and defendants' motion to set aside judgment is denied.

Page 3 - OPINION AND ORDER

## LEGAL STANDARDS

Rule 60(b)(1) provides: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect[.]"  A district court's denial of relief from final judgment under Rule 60(b)(1) is within the court's discretion.  *Lemoge v. United States.*, 587 F.3d 1188, 1192 (9th Cir.2009).  This is true whether relief is requested as a result of "mistake" or "excusable neglect".  *Id; see also Blair v. Shanahan* 795 F.Supp. 309 (N.D. Ca.1992), *modified on other grounds,* 38 F.3d 1514 (9th Cir. 1994).

Excusable neglect requires an equitable determination "'taking into account all relevant circumstances surrounding the party's omission.'"  *Lemoge,*  587 F.3d at 1192, *quoting Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd.* 507 U.S. 380, 395 (1993) (a case involving Federal Bankruptcy Procedure 9006(b)).  The analysis specified in *Pioneer* includes "at least four factors: 1) the danger of prejudice to the opposing party; 2) the length of delay and its potential impact on the proceedings; 3) the reason for the delay; and  4) whether the movant acted in good faith." *Bateman v. U.S. Postal Serv.* 231 F.3d 1220, 1223-24 (9th Cir. 2000).  The *Pioneer* standards govern determination of excusable neglect under Rule 60(b)(1).  *Briones v. Riviera Hotel and Casino*, 116 F.3d 379, 381 (9th Cir. 1997).

A mistake in an offer of judgment made under Rule 68 as a result of a drafting error should be construed against the drafter of the offer.  *Erdman v. Cochise County, Ariz*. 926 F.2d 877, 879 (9th Cir.1991).

///

///

## DISCUSSION

Defendants bring a Rule 60(b)(1) motion to set aside the judgment entered here pursuant to Rule 68 on the grounds that the offer of judgment contained errors made by counsel, specifically a scrivener's error. Defendants assert that shortly after the settlement conference held on September 27, 2011, they authorized their attorney, Bruce White, to draft a Rule 68 offer of judgment for $100,000 *including* costs and attorney fees incurred to date. Declaration of David Williams ("Williams Decl."), ¶ 2. On October 6, 2011, White sent an email to his legal assistant asking her to prepare an Offer of Judgment for "$100,000 inclusive of attorney fees to date." Declaration of Bruce White ("White Decl."), ¶ 3, Ex. 1, December 5, 2011. However, the assistant drafted the offer for $100,000 *plus* costs and attorney fees. *Id.*, ¶ 4, Ex. 2. On October 7, 2011, White signed the offer and sent it to plaintiff's counsel. *Id.* Plaintiff accepted the offer and on October 18, 2011, filed her notice of acceptance with the Court (docket 60). White states that he did not notice the mistake in the offer until after plaintiff accepted and submitted the proposed form of judgment to the Court. *Id.*, ¶¶ 4, 7. Defendants now seek to have the judgment set aside because they did not authorize White to offer more than $100,000 in total funds.[1]  In response, plaintiff contends that defendants are bound by the acts of their counsel and are not entitled to relief under Rule 60(b)(1). Plaintiff also moves to strike all references in the motion and supporting materials regarding the failed September 27, 2011, judicial settlement conference with Judge Simon. The Court will first address the motion to strike and then move to the merits of the motion set aside the judgment.

/ / /

---

[1] Defendants have retained separate counsel for the purposes of the motion to set aside.

Page 5 - OPINION AND ORDER

**I.  Motion to Strike**

Plaintiff moves to strike all of defendants' references to confidential settlement

discussions.[2]  Specifically, plaintiff seeks to strike all references to the last offer made at the

settlement conference, the amount of the offer, any communications regarding defense counsel

White's settlement authority, plaintiff's stated estimate of accrued fees and costs (made during

settlement discussions), and any reference to any communications, or lack thereof, between

White and defendants after the settlement conference and before the offer of judgment regarding

whether defendants changed the amount of their final settlement offer.  Defendants offer this

information in order to support their position that White did not have the authority to make the

offer of judgment that he made to plaintiff.  Defendants also contend that plaintiff and her

counsel should have known that the offer was a mistake because it was much greater than what

attorney White represented as the limits of his authority and it was significantly greater than the

final offer made during the settlement conference.

The statements at issue all relate to communications that occurred during the judicial

settlement conference conducted by Judge Simon on September 27, 2011.  Local Rule 16-4(g)

provides that such proceedings are privileged "except as otherwise authorized by the Federal

---

[2]  Plaintiff's motion to strike was brought pursuant to O.R.S. § 36.222(1) because defendants' originally sought to introduce evidence of these communications pursuant to O.R.S. § 36.222(4), which allows mediation communications to be admitted in subsequent proceedings to enforce, modify, or set aside a mediated agreement.  Defendants now concede that O.R.S. § 36.222(4) does not apply, but that FRE 408(b), FRE 501, and Local Rule 16-4(g) allow the evidence to be considered in deciding whether to set aside the judgment.  The Court agrees that the Oregon mediation statutes do not apply and that it is federal law that governs whether the communications are admissible.  Consequently, the Court will consider whether Local Rule 16-4(g) and FRE 408 permit the evidence to be considered when deciding defendants' Rule 60 motion to set aside the judgment.

Rules of Evidence, [and] will not be reported, recorded, or otherwise placed in evidence; made known to the trial court or jury; or construed for any purpose as an admission against interest." FRE 408(a) prohibits the offering of evidence related to efforts to compromise a claim "either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or contradiction[.]"  However, FRE 408(b) allows the evidence to be admitted "for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution."

Defendants contend that they seek to offer the evidence from the settlement conference for a purpose other than to prove the validity or amount of a disputed claim.  Specifically, defendants assert that the evidence is offered to establish that the offer, provided to plaintiff ten days after the settlement conference, was clearly a scrivener's error since what defendants intended was to memorialize the last settlement offer made at the settlement conference.  The Court disagrees that such a purpose is one of the "other purposes" permitted by Rule 408(b). Defendants seek to offer confidential information disclosed at the settlement conference, including, among other things, the amount of the original offer and plaintiff's estimation of her attorney fees and costs, in order to prove or disprove the reasonableness of the offer of judgment offered to plaintiff.  Such information falls squarely within the uses prohibited by Rule 408(a) because it is offered to prove or disprove the validity or amount of plaintiff's entitlement to the amount offered to settled the case, and specifically her entitlement to attorney fees and costs.

Consequently, the motion to strike is granted.  The Court will not consider the confidential settlement information offered by defendants.  This includes any references to the last offer made at the settlement conference, plaintiff's estimate of her accrued fees and costs at

Page 7 - OPINION AND ORDER

the time of the conference, and any specifics regarding White's settlement authority and

communication with his clients about the offer made during and after the conference.  That being

said, the Court will take note of the fact that defendants did authorize White to make a Rule 68

offer of judgment in the amount of $100,000, inclusive of attorney costs and fees.   For purposes

of the current motion, the only relevant information is that White was not authorized to make the

Rule 68 offer that he made.  To the extent that any of the declarations submitted in support of the

motion to set aside the judgment pertain to the details of White's settlement authority during the

settlement conference or in communications about the conference thereafter, that information

will not be considered by the Court.

## II.  Motion to Set Aside Judgment

On December 5, 2011, defendants filed a Rule 60(b)(1) motion to set aside the judgment

entered by the Court on November 10, 2011.  Rule 60(b)(1) specifically allows a court to relieve

a party from a final judgment on the grounds of "mistake, inadvertence, surprise, or excusable

neglect."  Rule 60 "regulates the procedures by which a party may obtain relief from final

judgment . . . The rule attempts to strike a proper balance between the conflicting principles that

litigation must be brought to an end and that justice should be done."  *Delay v. Gordon*, 475 F.3d

1039, 1044 (9th Cir. 2007) (citing 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane,

*Federal Practice and Procedure* § 2851 (2d ed.1995)).

Defendants argue that the Court should grant their motion and reopen the case because

the offer of judgment provided to plaintiff contained an inadvertent mistake in the form of a

scrivener's error made by White, and which White acknowledges.  White Decl. ¶¶ 3-5.

Defendants admit that they authorized White to make a Rule 68 offer of judgment to plaintiff, in

the lump sum amount of $100,000, *inclusive* of attorney fees and costs, but that White's legal assistant drafted, and White signed, an offer that was $100,000 *plus* attorney fees and costs. Williams Decl. ¶ 2.  It is defendants' position that they should not suffer prejudice because of White's inadvertent mistake that did not reflect his settlement authority.  Defendants further contend that White's negligence constitutes "excusable neglect" justifying relief from judgment.

### A.  Mistake: No Authority to Offer Judgment

Defendants argue that because the offer of judgment sent by White did not reflect the amount he was authorized to offer, this reflects the kind of  mistake remediable under Rule 60(b)(1).  In support, defendants cite to *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999).  In *Yapp*, the Tenth Circuit explained that excusable litigation mistakes remediable under Rule 60(b)(1) are those "that a party could not have protected against, such as counsel acting without authority," as distinguished from those where a party "simply misunderstands or fails to predict the legal consequences of his deliberate acts," which are not remediable by a Rule 60(b)(1) motion.  186 F.3 at 1231.

Defendants seek to be released from the obligation set forth in the offer of judgment on the grounds that White did not have the authority to make the offer that was sent to, and duly accepted by, plaintiff.  Defendants argue that, in order to enforce a settlement agreement negotiated by counsel, the attorney negotiating the agreement must have the clients' actual authority.  *Harrop v. Western Airlines, Inc.*, 550 F.2d 1143, 1144-45 (9th Cir. 1977)(under California law, attorney had no authority to settle case without express permission of client).  Defendants cite cases from other jurisdictions to support their position that this Court should set aside the offer of judgment because it was made without their express authority.  *Thomas v.*

*Colorado Trust Deed Funds, Inc.* 366 F.2d 136 (10th Cir. 1966) (consent judgment stipulated to by counsel without authorization from client to consent); *see also Surety Ins. Co. of California v. Williams*, 729 F.2d 581 (8th Cir. 1984)*;Smith v. Widman Trucking & Excavating, Inc.,* 627 F.2d 792 (7th Cir. 1980); *Bradford Exchange v. Trein's Exchange*, 600 F.2d 99 (7th Cir. 1979); *Associates Discount Corp. v. Goldman*, 524 F.2d 1051 (3rd Cir. 1975). The cases cited by defendants deal with judgments entered into by counsel who had no authority to do so. The cases do not address the situation presented here where clients have authorized their attorney to make an offer of judgment under Rule 68, but the offer made contains a drafting mistake. There is no dispute here that White was acting with defendants' authority when he made the Rule 68 offer to plaintiff. Defendants' attempt to assert otherwise is unpersuasive.

The Ninth Circuit treats a Rule 68 offer of judgment like a contract, and the "usual rules of contract construction" apply, including the rule that any ambiguities in an offer must be construed against the drafter. *Nusom v. Comh Woodburn, Inc.*, 122 F.3d 830, 833 (9th Cir. 1997). Here, there is no contention that the offer is ambiguous; rather, defendants seek to withdraw it because it contains a drafting error. Plaintiff cites Ninth Circuit cases that stand for the proposition that it is the defendants' responsibility, especially when drafting Rule 68 offers, to ensure that the offer is clear. *Seacoast Foods, Inc. v. LuMar Lobster and Shrimp, Inc*., 260 F.3d 1054 (9th Cir. 2001); *Burrell v. G.M.F.*, 225 F.3d 661 (9th Cir. 2000); *Nusom*, 122 F. 3d at 833-35; *Holland v. Roeser*, 37 F.3d 501 (9th Cir. 1994); *Erdman*, 926 F.2d at 879-81.

A Rule 68 offer, by definition, puts a plaintiff at peril since if she rejects the offer and does not subsequently recover a more favorable amount, she must pay costs incurred after the offer was made. FRCP 68(d). The Supreme Court has construed Rule 68 to mean that where a

defendant's offer exceeds plaintiff's final judgment, the cost shifting provision of Rule 68 bars

the plaintiff from recovering any post-offer attorney fees even if plaintiff is considered the

prevailing party.  *Marek v. Chesny*, 473 U.S. 1 (1985).  Thus, the application of Rule 68 requires

a plaintiff to "think very hard" about whether continued litigation is worthwhile.  *Id.* at 11; *Blair*

*v. Shanahan*, 795 F.Supp. 309, 315 (N.D.Ca. 1992) *aff'd* 38 F.3d 1514, *cert. denied*, 541 U.S.

1066 (1995).  Plaintiff argues, the drafting error should be construed against defendants, since it

is their responsibility to make sure that the offer says what it is intended to say.  *See Erdman*, 926

F.2d at 880-81.  The Ninth Circuit has made clear that any waiver of limitation of attorney fees,

when there is a statutory entitlement to them, must be "clear and unambiguous," and thus, any

ambiguity or inartful draftsmanship must be construed against the drafter.  *Id.*; *Nusom*, 122 F.3d

at 833 (Truth in Lending Act ("TILA") and Oregon civil racketeering statute); *see also Webb v.*

*James*, 147 F.3d 617, 623 (7th Cir. 1998) (Americans with Disabilities Act); *Rateree v. Rockett*,

668 F. Supp. 1155, 1157-58 (N.D. Ill. 1987) (§ 1983).  As such, defendants are bound by the

plain language of the offer unless the attorney error provides grounds to vacate the judgment.

      Defendants' argue that White's drafting error is precisely the kind of mistake that Rule

60(b)(1) is designed to remedy.  However, "Rule 60(b)(1) is not intended to remedy the effects of

a litigation decision that a party later comes to regret[.]"  *Latshaw v. Trainer Wortham & Co.*,

452 F.3d 1097, 1101 (9th Cir. 2006).  In *Latshaw*, the court held that erroneous legal advice does

not provide ground to vacate a judgment under the mistake ground of Rule 60(b)(1).  *Id.* at 1100-

1101.  In declining to afford Rule 60(b)(1) relief, the Ninth Circuit stated that "parties should be

bound by and accountable for the deliberate actions of themselves and their chosen counsel.  This

includes not only an innocent, albeit careless or negligent attorney mistake, but also intentional

Page 11 - OPINION AND ORDER

attorney misconduct.  Such mistakes are more appropriately addressed through malpractice claims." *Id*. at 1101.

Nevertheless, defendants contend that *Latshaw* is distinguishable on its facts, since White's mistake was not a mistake of law upon which defendants relied, but rather a mere drafting error.  In support, they offer a recent district court case, where the court afforded Rule 60(b)(1) relief when an offer of judgment was inadvertently worded by counsel as being made on behalf of just one defendant, the county, when it should have been made on behalf of all the county defendants.  *Close v. Pierce County Washington*, No. C09-5023RJB, 2009 WL 2987190, at *2-3 (W.D. Wash. Sept. 15, 2009).  The court distinguished *Latshaw* on the same grounds advanced by defendants here, namely that a drafting error is the kind of error that Rule 60(b)(1) motions are designed to remedy.  *Id*., at * 3.  In *Close*, the drafting error was apparent as defendants had all been represented by the same attorney and the court specifically stated that "[p]laintiffs cannot be said to be taken by surprise because the offer of judgment was to mirror what was offered at mediation."  *Id*. at *2.[3]  Defendants also cite *Ardito v. Wolpoff & Abram,son, LLP*, No. CV08-3974CAS, 2009 WL 449159, (C.D.Cal. Feb. 23, 2009) to support their position that an inadvertent attorney mistake is ground to set aside a judgment entered pursuant to Rule 68.  *Ardito* is distinguishable because the plaintiff had already recovered the judgment amount from another defendant in the case and thus, the plaintiff would suffer no prejudice if the motion to set aside was granted.  *Id.* at *2.  The Court finds neither of these district court cases persuasive authority in this case.

---

[3]  Apparently no objection was made to the evidence of  negotiations during the mediation.

Here, the mistake made by White was his inattentiveness to a document he (or his assistant) drafted but that he apparently failed to read prior to signing and sending to plaintiff's attorney.  "[A] lawyer's failure to read an applicable rule is one of the least compelling excuses that can be offered."  *Pincay v. Andrews*, 389 F.3d 853, 859 (9th Cir. 2004), *cert. denied*, 544 U.S. 961 (2005).  Even less compelling is an attorney's failure to read essential documents he himself has signed and filed.  *Int'l Allied Printing Trades Ass'n v. American Lithographers, Inc.*, 233 F.R.D. 554, 556 (N.D.Cal. 2006); *see also Timbisha Shoshone Tribe v. Kennedy*, 267 F.R.D. 333, 337-38 (E.D.Cal. 2010) (applying Rule 60(b)(1) standards to motion to amend by substitution).

The Court agrees that the facts here are distinguishable from *Latshaw* since defendants seek to set aside the judgment because their counsel made a drafting error, not a mistake of law. However, controlling Ninth Circuit authority, as cited above,  is clear that attorney error is generally not the kind of mistake that is grounds for setting aside a judgment under Rule 60(b)(1).  It is undisputed that defendants authorized their counsel to make a Rule 68 offer of judgment to plaintiff.  Regardless of the fact that counsel made a mistake in drafting the offer, "defendants are the master of what their Rule 68 offers offer," and thus, they are bound by the terms of the offer signed by their counsel.  *Nusom*, 122 F.3d at 833.  Defendants are not entitled to Rule 60(b)(1) relief  because of their attorney's drafting mistake.

### B.  Excusable Neglect: Attorney Negligence

Defendants ask the Court to grant their motion because White's negligence in drafting the offer is the type of "excusable neglect" that Rule 60(b)(1) is designed to protect against.  As noted above, it is well-established in the Ninth Circuit that "[a]s a general rule, parties are bound

by the actions of their lawyers, and alleged attorney malpractice does not usually provide a basis to set aside a judgment pursuant to Rule 60(b)(1)." *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir.), *cert. denied*, 543 U.S. 870 (2004) (citing *Pioneer*, 507 U.S. at 397 (parties are "held responsible for the acts and omissions of their chosen counsel.")).  However, under some circumstances, excusable neglect "covers negligence on the part of counsel." *Bateman*, 231 F.3d at 1223-24 (citing *Briones*, 116 F.3d at 381 (9th Cir. 1997)).   The well-recognized standard regarding what negligence is excusable requires an equitable inquiry that takes into account the following factors: "(1) the danger of prejudice to the opposing party, (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Lemoge* 587 F.3d at 1192 (citing *Pioneer*, 507 U.S. at 395).  The moving party must show that the mistake, inadvertence, surprise, or excusable neglect "'was unexpected and unavoidable rather than careless.'" *Rodriguez v. City of Modesto*, No. CVF10-1370, 2011 WL 2224765, at * 4 (E.D. Cal. June 7, 2011), *quoting In re M/V Peacock*, 809 F.2d 1403, 1405 (9th Cir. 1987).

A court that is presented with a Rule 60(b)(1) motion based on excusable neglect must apply the applicable standard as set out in *Pioneer* and applied by the Ninth Circuit in *Lemoge*. For the most part, the cases that have applied the *Pioneer* factors have reviewed the standard in the context of a failure to timely file a claim in bankruptcy (*Pioneer*), respond to a motion (*Briones*), serve a summons (*Lemoge*), or comply with a filing deadline (*Bateman*).  Failure to timely file is not an issue here.  However, because the *Pioneer* standard requires an equitable inquiry, the court should consider all the relevant circumstances in order to determine whether the judgment should be set aside.  *Briones*, 116 F.3d at 381; *see also Brandt v. Am. Bankers Ins*.

Page 14 - OPINION AND ORDER

*Co. of Fl.*, 653 F.3d 1108, 1111 (9th Cir. 2011).

A court should consider whether there is prejudice to the opposing party but also to movant. *Lemoge*, 587 F.3d at 1195; *Spain v. Sundt Const., Inc.*, No. CV-11-1617, 2012 WL 260037, at *3 (D. Ariz. Jan. 30, 2012). Defendants assert that they will suffer significant prejudice if this Court declines to set aside the judgment. It is undisputed that White has malpractice insurance. However, defendants contend that the burden to prove causation in a malpractice claim is quite high, and that they will have to prove that had plaintiff's case gone to trial, defendants would have incurred a judgment for less than the offer awarded in this case. Even if defendants should prevail in their claim against White, they argue that they cannot recover their attorney fees in the malpractice action. Oregon law dictates that such fees are not recoverable, even if the party prevails. *Rivera-Martinez v. Vu*, 245 Or.App. 422, 429, 263 P.3d 1078, 1082 (2011). Defendants contend that, through no fault of their own, if the Court does not set aside the judgment, they cannot be returned to their former position before the error was made. Defendants also contend that returning them to their former position before White's mistake will not cause any prejudice to the plaintiff since if she prevails on any of the claims for which there are statutory attorney fees, she will be able to recover the attorney fees incurred in responding to this motion and the earlier motion to stay the judgment.

However, what defendants fail to recognize is that if plaintiff does not prevail at trial on any of her claims, she will not be able to recover her attorney fees for these motions, and if she does not recover more than the amount offered in the judgment, Rule 68 requires that she pay all costs from the date of the rejected Rule 68 offer forward. On balance, the Court finds that both parties will be prejudiced. However, given the risk to plaintiff of rejecting the offer of

judgment, and the possibility of having to pay considerable costs and fees should she not recover $100,000 at trial, the equities weigh in favor of allowing the judgment to stand. While defendants may have to pay their attorney fees in suing White for his alleged malpractice, plaintiff, through no fault of her own, may well have to pay her attorney fees if the matter goes to trial, as well as those fees spent in responding to these motions.

Next, as defendants point out, there was no real delay from the time of the entry of judgment until White notified plaintiff's counsel of his scrivener's error. However, 11 days passed from the time White signed and sent the offer until plaintiff accepted the offer and judgment was entered. Additionally, this case has been pending for over two years. Regardless, defendants take the position that the few months that it has taken to resolve the motion to set aside issue is minimal, and plaintiff will not be damaged any further by having to wait a few months longer to have her case get back on track and proceed on the merits. Moreover, defendants argue, the impact on the proceedings will be insignificant since dispositive motions have already been resolved, and there is no reason that the case cannot proceed to disposition on the merits in a timely manner. The Court is not persuaded that the delay caused by defendants' counsel's mistake is insignificant. Plaintiff may have chosen not to accept defendants' offer had it been presented as defendants instructed White, but those circumstances are not before the Court. Rather, plaintiff was presented with an offer of judgment that gave her a choice: conclude the litigation or assume the considerable risk of going to trial. Rule 68 offers are, indeed, designed to give plaintiff a strong incentive to settle and avoid further delay. Under the circumstances, the cause for delay in concluding this matter must fall on defendants.

There is no evidence that defendants or their counsel have acted in bad faith. The reason

for delay was due to a scrivener's error on the part of White's legal assistant which White failed to read and recognize before he signed the judgment and sent it to plaintiff's counsel. While White's behavior hardly reflects the diligence a client should expect from their attorney, especially in drafting documents that have such serious legal ramifications, it does not rise to the level of bad faith. Moreover, there is no evidence that defendants have not been forthright about their position regarding their intention to settle this matter. It appears clear to this Court that defendants authorized White to send a Rule 68 offer of judgment to plaintiff for the lump sum amount of $100,000, but that White then made a careless mistake. Nor can it be said that plaintiff is guilty of bad faith. Plaintiff was presented with an offer of judgment which, despite defendants' comments to the contrary, she had no reason to believe contained a mistake. There is no bad faith here.

On balance, the Court concludes that the equities favor plaintiff. Both parties will be prejudiced, however, plaintiff was entitled to rely upon the plain language of the offer sent to her, and in fact, was required to accept or reject it as written. Absent a greater showing of prejudice to defendants, plaintiff should not, through no fault of her own, be forced to take a gamble and go to trial when she has decided that she seeks to end this litigation.

It is well established in this circuit that defendants are bound by the actions of their chosen counsel, and that attorney malpractice, negligence, or carelessness does not normally provide justification for Rule 60(b)(1) relief. Defendants have not persuaded the Court otherwise, by showing that the mistake or excusable neglect was "unexpected and unavoidable rather than careless." *In re M/V Peacock*, 809 F.2d at 1405. Accordingly, defendants' motion to set aside the judgment is denied.

Page 17 - OPINION AND ORDER

**CONCLUSION**

For the reasons set forth above, plaintiff's Motion to Strike Confidential Mediation

Information from Defendants' Motion to Set Aside the Judgment (docket 104) is GRANTED and

defendants' Motion to Set Aside the Judgment Pursuant to FRCP 60(b) (docket 88) is DENIED.


DATED this 22nd day of March, 2012.


/s/ Patricia Sullivan
Patricia Sullivan
United States Magistrate Judge

Page 18 - OPINION AND ORDER